# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                               )
      Plaintiff,           )
                               )
    -vs-                )  No. CR-18-279-G
                               )
DRAGOS CONSTANTIN BADEA,    )
                               )
      Defendant.        )

## PLEA AGREEMENT

### Introduction

1.    This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant, Dragos Badea, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. If defendant does not accept the terms of this agreement by **November 8, 2018**, the offer is withdrawn.

## Guilty Plea

2.      Defendant agrees to plead guilty to a one-count Information charging Access Device Fraud in violation of 18 U.S.C. § 1029(a)(3). To be found guilty of this statute as charged in the Information, defendant must admit that: (1) he knowingly possessed 15 or more counterfeit access devices; (2) he possessed those devices with the intent to defraud; and (3) his conduct affected interstate and foreign commerce.

## Maximum Penalty, Restitution, and Special Assessments

3.      The maximum penalty that could be imposed as a result of this plea is 10 years in prison or a fine of $250,000, or both such fine and imprisonment, as well as a $100 mandatory special assessment, and a term of supervised release of 3 years.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent him from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4.      In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution to all victims of defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5.    Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6.    For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Forfeiture

A.     Defendant agrees to forfeit to the United States voluntarily and immediately, all of his right, title and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), including but not limited to: $12,635.00 in U.S. currency.

B.     Defendant agrees that the asset listed was involved in, are the proceeds of, or were used to facilitate the unlawful violation to which he is pleading guilty.

C.     Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma, or its subdivisions. Defendant knowingly and voluntarily consents to the entry of a final order of forfeiture before sentencing as to defendant's interest in the assets.

D.     Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

E.     Forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to forfeiture.

F.    Defendant agrees not to file a claim to the listed property, or otherwise contest forfeiture, in any civil, administrative, or judicial proceeding, which may be initiated.

G.    Defendant hereby waives his right to notice of any forfeiture proceeding involving the listed property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding or otherwise challenge a forfeiture action involving the listed property or property involved in the underlying criminal conduct.

H.    Defendant voluntarily abandons all right, title, interest, and claim, in and to the listed property in order that final disposition may be made by the appropriate federal, state, or local law enforcement agency.

### Sentencing Guidelines

7.    The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission.  Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines.  Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions: the defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement.  Further, to the

5

extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment under § 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(A) & (B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty. Upon defendant's signing of this plea agreement, the United States intends to end its investigation of the allegations in the Information as to defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to defendant. However, subject to the terms and conditions of this plea agreement (particularly the Plea Supplement), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring

such a deviation is discovered during the course of its investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

8.      Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence.  Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense to which he is pleading guilty.  Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

a.      Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b.      Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined.  If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence;

7

c. Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

9. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory guideline range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

## Waiver of FOIA and Privacy Act Rights

10. Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

## Obligations of Defendant

11. Defendant shall commit no further crimes. It is understood that, should defendant commit any further crimes or should it be determined that he has knowingly

8

given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

12.     The parties also recognize that if the Court determines defendant has violated any provision of this agreement or authorizes defendant to withdraw from his knowing and voluntary guilty plea entered pursuant to this agreement: (a) all written or oral statements made by defendant to the Court or to federal or other designated law enforcement agents, any testimony given by defendant before a grand jury or other tribunal, whether before or after the signing of this agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives the rights described in this paragraph as of the time he signs this agreement.

## The Obligations of the United States

13.     If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, he will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes outlined in the Information. This agreement does not provide any protection against prosecution for any crime not specifically described above.

14.     It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

## Signatures

15.     By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms. Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 8th day of November, 2018.

**APPROVED:**

ROBERT J. TROESTER
First Assistant United States Attorney

_____
TRAVIS D. SMITH
Deputy Chief, Criminal Division

_____
CHARLES W. BROWN
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8871 (Office)
(405) 553-8888 (Fax)

_____
DRAGOS CONSTANTIN BADEA

_____
PAUL ANTONIO LACY
Attorney for Defendant

11

# ÎN TRIBUNALUL FEDERAL AL STATELOR UNITE DIN

# DISTRICTUL DE VEST AL STATULUI OKLAHOMA

STATELE UNITE ALE AMERICII, )
                                )
         Reclamant, )    DOSAR NR. CR **CR-18-279-6**
                                )
                                )
                                )
DRAGOS CONSTANTIN BADEA, )
         Inculpat. )

## ACORD DE PLEDOARIE

### Introducere

1.    Acest document, coroborat cu un Supliment depus concomitent în regim confidențial, conțin întregul acord de pledoarie încheiat între inculpatul D. Badea și Procuratura Statelor Unite prin intermediul procurorului subsemnat. Nu există niciun alt acord și nicio altă promisiune și niciun acord suplimentar nu poate fi încheiat decât în scris și cu semnătura tuturor părților. Orice modificare unilaterală a acestui acord este respinsă de Procuratura Statelor Unite. Prezentul acord vizează numai infracțiunile penale descrise și nu vizează orice chestiuni civile sau proceduri de confiscare civilă, cu excepția celor precizate în mod specific în acest document. Acest acord are titlul obligatoriu numai pentru Procuratura Statelor Unite din Districtul de vest al statului Oklahoma și nu creează nicio obligație pentru nicio altă autoritate de urmărire penală, administrativă sau de reglementare, federală, statală sau locală. Dacă inculpatul nu acceptă termenii acestui acord până la November 8, 2018, oferta va fi revocată.

*Romanian translation*

1

### **Pledoaria de vinovăție**

2. Părintele este de acord să pledeze pentru vinovăția de a nu număra informații privind

accesul la informații Device Fraud în încălcarea a 18 U.S.C. § 1029 (a) (3). A fi găsit

vinovat de acest statut inculpat în nformații, inculpatul trebuie să admită că: (1) el a avut

cu bună știința 15 sau mai multe dispozitive de acces contrafăcute; (2) el a posedat aceste

dispozitive cu intenția de a înșela; și (3) comportamentul său a afectat comerțul interstatal

și străin.

### **Pedeapsa maximă, restituire .i amenzi speciale**

3. Pedeapsa maximă care ar putea fi impusă ca urmare a acestui motiv este de 10 ani în

închisoare sau o amendă de 250 000 de dolari, sau ambele amendă și închisoare, precum

și o suma de 100 de dolari o evaluare specială obligatorie și un termen de eliberare

supravegheată de 3 ani.





Pe lângă pedeapsa descrisă mai sus, o pledoarie de vinovăție poate afecta statutul de emigrare. Dacă inculpatul nu este cetățean al Statelor Unite, o pledoarie de vinovăție poate duce la deportarea și expulzarea din Statele Unite, îl poate împiedica să reintre sau să rămână vreodată legal în Statele Unite și poate duce la respingerea naturalizării.

4.    În plus, Instanța trebuie să dispună plata restituirii față de victimele infracțiunii. În baza 18 U.S.C. §§ 3663(a)(3) și 3663A, părțile convin că, în cadrul sentinței care rezultă din pledoaria inculpatului, Instanța va dispune un ordin de restituire a sumei corespunzătoare faptelor relevant ale inculpatului, calculată conform Normelor de sentință ale Statelor Unite.

5.    Inculpatul este de acord să plătească amenda specială datorată Statelor Unite la Biroul Registraturii Tribunalului Federal al Statelor Unite imediat după pronunțarea sentinței. Inculpatul înțelege că orice amendă sau restituire ordonată de Instanță este scadentă imediat, cu excepția cazului în care Instanța prevede plata la o anumită dată sau în tranșe.

6.    Pentru anumite infracțiuni prevăzute de lege, Instanța trebuie, de asemenea, să impună un termen de eliberare sub supraveghere, pe care inculpatul va începe să-l execute după eliberarea din custodie. Pentru toate celelalte infracțiuni, Instanța poate impune un termen de eliberare sub supraveghere care va fi executat după eliberarea din custodie. În timpul termenului de eliberare sub supraveghere, inculpatului i se vor impune anumite condiții, inclusiv interdicții privind încălcarea legilor locale, statale sau federale, obligații de raportare, restricții de călătorie și domiciliu și posibile teste privind utilizarea substanțelor controlate. Dacă inculpatul încalcă condițiile de eliberare sub supraveghere, Instanța poate anula eliberarea sub supraveghere și poate să-l condamne la un termen suplimentar de închisoare. Acest termen suplimentar de pedeapsă privativă de libertate va fi executat fără ca inculpatul să primească credit pentru timpul petrecut cu succes în regim de eliberare sub supraveghere. Termenul total de închisoare, rezultat din combinarea termenul inițial de pedeapsă privativă de libertate cu termenul ulterior de închisoare impus de Instanța, poate să depășească termenul maxim de detenție prevăzut pentru infracțiune.



*Romanian translation*

**Confiscare**

A.    Pârâtul este de acord să renunţe la Statele Unite în mod voluntar şi imediat, toate drepturile, titlul şi interesul său asupra tuturor bunurilor care fac obiectul unei confiscări la 18 U.S.C. § 982 (a) (2) (B), incluzând dar fără a se limita la: 12.635,00 dolari SUA în monedă americană.





## Normele de sentință

7.      Părțile recunosc că 18 U.S.C. § 3553(a) îndrumă Instanța să ia în considerare

anumiți factori atunci când impune sentința, inclusiv Normele de sentință promulgate de Comisia

de sentință a Statelor Unite. În consecință, chiar dacă părțile recunosc că Normele de sentință

sunt doar consultative, părțile au încheiat anumite acorduri și prevederi în ceea ce privește

Normele. Pe baza informațiilor cunoscute părților la data semnării prezentului acord, părțile se

așteaptă să aibă următoarele poziții la înfățișarea de impunere a sentinței, fără a se limita însă

doar la acestea: părțile sunt de acord ca inculpatul să primească o ajustare descendentă de 2

puncte pentru acceptarea responsabilității în conformitate cu USSG [Normele de sentință SUA] §

3E1.1(a), în cazul în care nu mai comite alte infracțiuni, nu respinge în mod fals sau nu contestă fără justificare faptele relevante și respectă pe deplin toate celelalte condiții ale prezentului acord. În plus, în măsura în care Instanța constată că inculpatul se califică pentru această ajustare descendentă de două puncte și că USSG § 3E1.1(b) este aplicabilă, procuratura este de acord să solicite o ajustare descendentă suplimentară de 1 punct, în baza 3E1.1(b), dacă inculpatul acceptă termenii prezentului acord de pledoarie până la termenul stabilit la Alineatul 1.

În afară de orice acorduri și prevederi exprimate, părțile își rezervă dreptul de a susține și de a prezenta dovezi relevante pentru alte ajustări în baza Normelor și alți factori legați de sentință, care pot fi luați în considerare de către Biroul de Probațiune SUA și de către Instanță.

Părțile au încheiat prezentul acord de pledoarie în conformitate cu prevederile Regulii 11(c)(1)(A) și (B). Inculpatul recunoaște și înțelege că aceste prevederi, acorduri sau recomandări ale Procuraturii Statelor Unite sau ale inculpatului nu sunt obligatorii pentru Instanță și Instanța nu este obligată să le accepte. Chiar dacă Instanța respinge una sau mai multe dintre aceste prevederi, acorduri sau recomandări, acest fapt, în sine, nu va permite inculpatului să-și retragă pledoaria de vinovăție. După semnarea de către inculpat a acestui acord de pledoarie, Procuratura Statelor Unite intenționează să pună capăt anchetei asupra acuzațiilor din Rechizitoriu privitoare la inculpat, cu excepția aspectelor necesare pregătirii pentru înfățișările ulterioare din acest caz, incluzând, dar fără a se limita la, înfățișarea de impunere a sentinței, și în vederea urmăririi penale a altor personae, dacă este cazul, implicate în faptele comise de inculpat. Procuratura Statelor Unite este de acord să pună capăt oricărei investigații îndreptate în mod specific asupra prevederilor, acordurilor sau recomandărilor de mai sus privind inculpatul. Cu toate acestea, sub rezerva termenilor și condițiilor din prezentul acord de pledoarie (în special, Suplimentul de Pledoarie), Procuratura Statelor Unite își rezervă în mod expres dreptul

de a lua poziții care se abat de la prevederile, acordurile sau recomandările de mai sus, în cazul în care dovezi credibile semnificative care necesită o astfel de devierea sunt descoperite pe parcursul investigației ulterioare semnării acestui acord sau ies la iveală din surse independente de Procuratura Statelor Unite, inclusiv Biroul de Probațiune SUA.

**Renunțarea la dreptul de recurs și la dreptul de atacare colaterală**

8.      Inculpatul înțelege că Instanța va lua în considerare factori din 18 U.S.C. § 3553(a) pentru determinarea sentinței. Inculpatul înțelege, de asemenea, că Instanța are competența și autoritatea de a impune o pedeapsă în limita maximă legală pentru infracțiunile față de care pledează vinovat. Inculpatul înțelege, de asemenea, că 28 U.S.C. § 1291 și 18 U.S.C. § 3742 îi conferă dreptul de a face recurs față de hotărârea și sentința impuse de Instanță. Având cunoștință de toate acestea și în schimbul promisiunilor și concesiilor făcute de Procuratura Statelor Unite în acest acord de pledoarie, inculpatul renunță cu bună știință și în mod voluntar la următoarele drepturi:

a.      Inculpatul renunță la dreptul său de a contesta pledoaria sa de vinovăție și orice alt aspect al condamnării sale, incluzând dar fără a se limita la orice hotărâri privind moțiunile de excludere din înfățișările premergătoare procesului sau orice alte dispoziții premergătoare procesului legate de moțiuni și chestiuni;

b.      Cu excepția celor menționate imediat mai jos, inculpatul renunță la dreptul său de a contesta sentința impusă de Instanță, inclusiv orice restituire și maniera în care s-a calculat sentința. În cazul în care sentința este mai lungă decât intervalul recomandat de norme, conform calculelor Instanței, aplicabil cazului său, această renunțare nu include dreptul inculpatului de a contesta în mod specific caracterul rezonabil substanțial al sentinței sale;

c.      Inculpatul renunță la dreptul său de a contesta colateral sau de a solicita o

modificare colaterală (în baza 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2) sau pentru orice alt motiv) condamnarea sau sentința sa, inclusiv orice restituire, cu excepția revendicărilor privind asistența lipsită de competență a avocatului.

Inculpatul recunoaște că aceste renunțări rămân în vigoare și sunt executorii, chiar dacă Instanța respinge una sau mai multe dintre pozițiile Procuraturii Statelor Unite sau ale inculpatului menționate la punctul 7.

9.     Cu excepția cazurilor descrise imediat mai jos, Procuratura Statelor Unite este de acord să renunțe la dreptul său, în baza 18 U.S.C. § 3742, de a contesta sentința impusă de Instanță și maniera în care a fost calculată sentința. În cazul în care sentința se situează sub limita intervalului recomandat calculat de Instanță ca fiind aplicabil în cazul de față, această renunțare nu include dreptul Procuraturii Statelor Unite de a contesta în mod specific caracterul rezonabil substanțial al sentinței.

### Renunțarea la dreptul FOIA și la drepturile oferite de Legea confidențialității

10.     Inculpatul renunță la toate drepturile, solicitate direct sau printr-un reprezentant, de a solicita sau de a primi din partea oricărui departament sau agenție a Statelor Unite orice înregistrări referitoare la anchetarea sau urmărirea penală a acestui caz, inclusiv, dar fără a se limita la, înregistrările pe care inculpatul le poate solicita în baza Legii privind libertatea informației (Freedom of Information Act, FOIA), 5 U.S.C. § 552 sau Legii privind confidențialitatea din 1974 (Privacy Act of 1974), 5 U.S.C. § 522a.

### Obligațiile inculpatului

11.     Inculpatul nu va mai comite alte infracțiuni. Este înțeles faptul că dacă inculpatul săvârșește alte infracțiuni sau dacă se stabilește că acesta a furnizat mărturii sau informații false, incomplete sau înșelătoare sau dacă încalcă în alt mod oricare dintre prevederile acestui acord,

Procuratura Statelor Unite poate declara acest acord nul și anulat și poate urmări penal inculpatul pentru oricare și toate încălcările legilor penale federale, inclusiv pentru sperjur și obstrucția justiției. Orice urmărire penală aflată în sfera prezentei anchete, care nu cade sub incidența legii prescrierii aplicabile la data semnării prezentului acord, poate fi adusă împotriva inculpatului, chiar și în cazul expirării legii prescrierii în perioada de timp dintre semnarea prezentului acord și începerea urmăririi penale. Prin prezenta, inculpatul renunță la toate mijloacele de apărare bazate pe legea prescrierii în ceea ce privește orice urmărire penală care nu cade sub incidența legii prescrierii la data semnării prezentului acord.

    12. Părțile recunosc, de asemenea, că în cazul în care Instanța apreciază că inculpatul a încălcat oricare dintre prevederile acestui acord sau îi permite inculpatului să își retragă pledoaria de vinovăție făcută în mod intenționat și voluntar în baza acestui acord: (a) toate declarațiile scrise sau orale făcute de către inculpat către Instanță sau către agenții federali sau alți agenți de aplicare a legii desemnați, orice mărturie dată de inculpat în fața unui juriu mare sau oricărui alt tribunal, anterior sau ulterior semnării acestui acord, și orice indicii reieșite din aceste declarații sau mărturii vor putea fi admisibile în probatoriu în orice procedură de urmărire penală împotriva inculpatului; și (b) inculpatul nu va avea nicio pretenție în baza Constituției Statelor Unite, a oricărei legi, Regulii 11(f) din Normele federale de Procedură Penală, Regulii 410 din Normele federale privind probele, sau orice altă normă sau lege federală conform căreia aceste declarații sau orice indicii reieșite din aceste declarații ar trebui să fie excluse. Inculpatul renunță cu bună știință și în mod voluntar la drepturile descrise în acest paragraf începând cu momentul semnării acestui acord.

### Obligațiile Procuraturii Statelor Unite

13.   Dacă inculpatul introduce o pledoarie de vinovăție, așa cum se descrie mai sus, și îndeplinește pe deplin toate obligațiile care decurg din prezentul acord, acesta nu va mai fi urmărit penal de Procuratura Statelor Unite ale Americii din Districtul de vest al statului Oklahoma pentru nicio infracțiune legată de acuzațiile enunțate în Rechizitoriu, inclusiv fraudă bancară, fraudă prin dispozitive de acces și furt de identitate agravat. Acest acord nu oferă nicio protecție împotriva urmăririi penale pentru orice infracțiune care nu este descrisă în mod specific mai sus.

14.   Este înțeles faptul că sentința care va fi dispusă în cazul inculpatului este la latitudinea exclusivă a Instanței. Procuratura Statelor Unite nu face nicio promisiune sau reprezentare cu privire la sentința pe care o va primi inculpatul. Procuratura Statelor Unite își rezervă dreptul de a informa Biroul de Probațiune și Instanța cu privire la natura și amploarea activităților inculpatului legate de acest caz și orice alte activități ale inculpatului pe care Procuratura Statelor Unite le consideră relevante pentru impunerea sentinței.

### Semnături

15.   Prin semnarea acestui acord, inculpatul confirmă că a discutat termenii acordului cu avocatul lui și că înțelege și acceptă acești termeni. În plus, inculpatul recunoaște că acest document, împreună cu Suplimentul la Pledoarie, depus concomitent, în regim confidențial, conțin toate condițiile acordului legat de pledoaria lui de vinovăție din acest dosar și că nu există alte acorduri, înțelegeri, învoieli sau pacturi care să modifice sau să schimbe acești termen.

Data,   11/8/18

Robert J. Troester
Procuror al Statelor Unite

**APROBAT:**

_____
Travis D. Smith
Procuror-șef adjunct, Biroul penal

_____
Dragos Constantin Badea

_____
CHARLES W. BROWN
Procuror asistent al Statelor Unite
Districtul de vest al statului Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Birou)
(405) 553-8888 (Fax)

_____
Paul Antonio Lacy
Avocatul inculpatului