## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Garnishor,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CR-18-279-G** |
| | ) | |
| **DRAGOS CONSTANTIN BADEA,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| **and its successors or assigns,** | ) | |
| | ) | |
| **Garnishee.** | ) | |

## POSTJUDGMENT WRIT OF GARNISHMENT

TO: Garnishee
Wells Fargo Bank, N.A.
Attn: Legal Order Processing
5377 W. Centinela Avenue
Los Angeles, CA  90045

REQUESTED BY: United States of America
Kay Sewell
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK  73102
(405) 553-8700

ISSUED PURSUANT TO: 28 U.S.C. § 3205

The United States has information indicating that Garnishee may have possession,

custody, or control of property in which Defendant has a substantial nonexempt interest,

**including an interest in checking accounts, savings accounts, certificates of deposits,**

**individual retirement accounts, and/or other investment accounts**.  Upon Application of Plaintiff/Garnishor, this Writ of Garnishment ("Writ") is issued against the property of **Dragos Constantin Badea**, Defendant.

Pending further order of this Court, Garnishee is hereby directed to **withhold and retain** any property[1] in its possession, custody, or control in which Defendant has a substantial nonexempt interest at the time this Writ is served or in which Defendant may obtain an interest in the future, including Defendant's nonexempt disposable earnings.[2]  If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against Garnishee for the value of Defendant's nonexempt interest in such property, plus a reasonable attorney's fee to the United States.  *See* 28 U.S.C. §§ 3003(c)(8), 3205(c)(6).

---

[1] Pursuant to Federal Debt Collection Procedure:

"Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes—

(A) property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and

(B) Indian lands subject to restrictions against alienation imposed by the United States.

28 U.S.C. § 3002(12).

[2] "'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."  28 U.S.C. § 3002(6). "'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld."  *Id.* § 3002(5).  "'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act," i.e., 15 U.S.C. § 1673.  28 U.S.C. § 3002(9).

Within ten days of receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4). Garnishee shall serve a copy of its answer on counsel for the United States, whose name and address is listed above, and on Defendant, whose address is listed below. Refer to Federal Rule of Civil Procedure 5 for acceptable methods of service.

If no hearing is requested after Garnishee files its answer,[3] the Court will enter an order directing Garnishee as to the disposition of Defendant's interest in nonexempt property. Upon such order, Garnishee shall make **payment payable to the U.S. District Court Clerk** and **forward payment** to:

> U.S. District Court Clerk
> 200 NW 4th Street, Room 1210
> Oklahoma City, Oklahoma 73102

until Defendant's debt is paid in full or Garnishee no longer has possession, custody, or control of any property belonging to Defendant.

This Writ of Garnishment is a continuing writ and it will terminate only by:

    (A)   a court order quashing this Writ of Garnishment;

    (B)   exhaustion of property in the possession, custody, or control of the Garnishee in which Defendant has a substantial nonexempt interest (including nonexempt disposable earnings); or

---

[3] The parties are advised of their right to object:

> Within 20 days after receipt of the answer, [Defendant] or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties.

28 U.S.C. § 3205(c)(5).

(C)     satisfaction of the debt with respect to which this Writ is
        issued.

*See* 28 U.S.C. § 3205(c)(10).

To assist the Garnishee with its obligations under this Writ, the following
information is provided:

| | |
|---|---|
| Defendant's Name: | Dragos Constantin Badea |
| Defendant's Last Known Address: | CI Giles W. Dalby, 32387-064<br>805 North Avenue F<br>Post, TX  79356 |
| Date of Judgment: | June 27, 2019 |
| Nature of Judgment: | Criminal |
| Total Amount Still Owing: | $28,514.50 |

In addition to serving this Writ on Garnishee and Defendant, Plaintiff/Garnishor
will provide

(1)     instructions to Garnishee, including an explanation of
        Garnishee's obligation to submit a written answer to this
        Writ;

(2)     a sample answer to be used by Garnishee;

(3)     instructions to Defendant, including instructions for
        objecting to the Garnishee's answer and for obtaining a
        hearing on such objections; and

(4)     a sample claim for exemption and request for hearing to
        be used by Defendant.

*See* 28 U.S.C. § 3205(c)(3).

IT IS SO ORDERED this 27th day of November, 2019.

CHARLES B. GOODWIN
United States District Judge